# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-0625V**
**Filed: October 7, 2019**
UNPUBLISHED

---

JANINE KING,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

---

*Braden Blumenstiel, Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Corcoran**, Chief Special Master:

On May 9, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 23, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her injury. On October 7, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $142,725.79. This amount includes damages for pain and suffering ($135,000.00), past

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

lost wages ($3,454.57), and past unreimbursed expenses ($4,271.22) and represents all elements of compensation to which petitioner is entitled. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $142,725.79 in the form of a check payable to petitioner, Janine King.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

JANINE KING,

                Petitioner,

     v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 17-625V
Special Master Dorsey (SPU)
ECF

## RRESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.     Compensation for Vaccine Injury-Related Items

On October 22, 2018, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for her bursitis that was caused-in-fact by the flu vaccine she received on October 3, 2014. A Ruling on Entitlement, adopting respondent's recommendation, was issued the next day, on October 23, 2018.

Based upon the evidence of record, respondent proffers that petitioner should be awarded $142,725.79. This is comprised of pain and suffering ($135,000.00), past lost wages ($3,454.57), and past unreimbursed expenses ($4,271.22), and represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Should Petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $142,725.76 in the form of a check payable to petitioner.[2] Petitioner agrees.

<div style="margin-left:40%">

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-3677

</div>

Dated: October 7, 2019

---

[2] Petitioner is a competent adult, therefore evidence of guardianship is not required in this case.